# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN R. SCHMIDT,<br><br>  Plaintiff,<br><br>v.<br><br>KIMBELL S. FUIKS and JEFFREY S. QUINTANA,<br><br>  Defendants. | Case No. 19-CV-821-JPS<br><br>**ORDER** |

Plaintiff, proceeding *pro se*, presents a confusing complaint. (Docket #1). As best the Court can tell, Plaintiff believes that that Defendants, two doctors, fraudulently concealed his medical condition from him. (Docket #1 at 2). More specifically, he contends that Defendant Kimbell S. Fuiks ("Fuiks") committed malpractice while performing spinal surgery, and that Defendant Jeffrey S. Quintana ("Quintana") somehow misled Plaintiff about this fact. *Id.* at 2–3. Plaintiff claims that Defendants' conduct violates his rights under the U.S. Constitution as well as his "Federal Patient rights." *Id.* at 3. While the thrust of Plaintiff's complaint is medical negligence, he also cites the "Federal MEDiC program" as a basis for the suit. *Id.* at 3–4.

On June 19, 2019, Quintana filed a motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. (Docket #7). Plaintiff's response to the motion was due on or before June 10, 2019, but that date has passed without the filing of a response or any other communication from Plaintiff. Civ. L. R. 7(b). The Court will, therefore, grant Quintana's motion on that basis. *Id.* 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

The Court will also grant the motion on its merits. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Plaintiff does not, and cannot, assert the Court's diversity jurisdiction, as all parties are citizens of Wisconsin.

Plaintiff's assertion of federal question jurisdiction is also deficient. Defendants are not state actors, and so none of their conduct implicates Plaintiff's federal constitutional rights. See *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (to state a constitutional claim, a plaintiff must allege that "(1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law."). The only other federal law Plaintiff cites is the "MEDiC Program," (Docket #1 at 4), but this was merely a proposed bill, and was never enacted into law. *See* https://www.govtrack.us/congress/bills/109/s1784; https://www.congress.gov/bill/109th-congress/senate-bill/1784/actions. Plaintiff's other putative claims for fraud and medical malpractice are issues of state, not federal, law.

Because the lack of federal jurisdiction is fatal to Plaintiff's claims against both Defendants, the Court will dismiss this case entirely. This Court recognizes that the Seventh Circuit has strongly emphasized that leave to amend should be given after a first motion to dismiss is granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). This is particularly important when dealing with

a *pro se* litigant. However, the allegations Plaintiff presents simply do not invoke the Court's subject-matter jurisdiction in any way. The only way an amended complaint would help Plaintiff is if he made wholesale changes to his allegations: alleging different facts, suing different defendants, and/or presenting different theories of relief. This would, in essence, permit Plaintiff to present an entirely new case to the Court without him having to pay a new filing fee. The Court will not allow such an end-run around the rules for new case filings. The Court will not, therefore, allow Plaintiff to present an amended complaint.

Accordingly,

**IT IS ORDERED** that Defendant Jeffrey S. Quintana's motion to dismiss (Docket #7) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for want of subject-matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge